breakup of his law partnership, and the efforts to promptly proceed explained by her new counsel following his first meeting with decedent and plaintiff, which occurred shortly after the expiration of the 90-day time frame (*see generally Imperato v Mount Sinai Med. Ctr.*, 82 AD3d 414, 415 [2011]).

Defendants assert that decedent failed to show a meritorious claim because an affidavit was not submitted by an appropriate expert. While an affidavit from a medical expert is required to establish merit when a default occurs in a medical malpractice action (*see Gibbs v St. Barnabas Hosp.*, 16 NY3d at 80), the current action involving a fall by a patient while getting out of a wheelchair operated by a nurse is more akin to a negligence action (*see Bleiler v Bodnar*, 65 NY2d 65, 72 [1985] ["not every negligent act of a nurse would be medical malpractice, but a negligent act or omission by a nurse that constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician constitutes malpractice"]; *Lipe v Albany Med. Ctr.*, 85 AD3d 1442, 1443 [2011]; *D'Elia v Menorah Home & Hosp. for the Aged & Infirm*, 51 AD3d 848, 851-852 [2008]). Here, a report prepared by a nurse retained by plaintiff regarding improper use of the wheelchair together with facts alleged in the record as to the manner in which the accident occurred were sufficient to show a potentially meritorious negligence claim. The accident allegedly occurred when a footplate on the wheelchair was not fully moved out of the way before decedent attempted to get out of the wheelchair. Upon review of the record, we are unpersuaded that Supreme Court abused its discretion in granting decedent's motion.

Mercure, A.P.J., Spain, Malone Jr. and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.

██ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner; PAUL F. DODA, Respondent. [933 NYS2d 908]—

Per Curiam.

Respondent now requests reinstatement on the ground that he has complied with the attorney registration requirements of Judiciary Law § 468-a and the Rules of the Chief Administrator of the Courts (*see* 22 NYCRR part 118). Petitioner does not object to respondent's application.

Respondent's application is granted and he is ordered reinstated, effective immediately.

Mercure, A.P.J., Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that respondent's application is granted; and it is further ordered that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner; CHARLES J. SINCLAIR, Respondent. [933 NYS2d 910]—

Per Curiam.

Respondent now requests reinstatement on the ground that he has complied with the attorney registration requirements of Judiciary Law § 468-a and the Rules of the Chief Administrator of the Courts (*see* 22 NYCRR part 118). Petitioner does not object to respondent's application.

Respondent's application is granted and he is ordered reinstated, effective immediately.

Mercure, A.P.J., Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that respondent's application is granted; and it is further ordered that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

■ In the Matter of JOHN J. KELLEHER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [933 NYS2d 909]—

Per Curiam.

Respondent has not answered or otherwise replied to a petition of charges or to petitioner's instant motion for a default judgment, although both were duly served upon him. In support of its motion, petitioner has filed proof by affidavit of the facts constituting the alleged misconduct. Under the circumstances, respondent is deemed to have admitted the charges and we grant petitioner's motion (*see e.g. Matter of Rothenberg*, 15 AD3d 772 [2005]). Further, based on such admission and the